1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUAN MANUEL JUAREZ,
                   Petitioner,

        v.

ADMINISTRATIVE REVIEW 602
OFFICE and UNITED STATES
DISTRICT COURT,
                   Respondents.

No.  1:22-cv-01151-JLT-SKO (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS IN FULL
(Doc. 3)

ORDER DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS, DIRECTING CLERK
OF COURT TO ENTER JUDGMENT AND
CLOSE CASE, AND DIRECTING CLERK OF
COURT TO PROVIDE PETITIONER BLANK
CIVIL RIGHTS FORM

ORDER DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY

        The assigned magistrate judge found Petitioner failed to state a cognizable habeas claim,

because Petitioner does not challenge his conviction, but rather raises claims related to

confiscation of property.  (Doc. 3.)  Therefore, the magistrate judge recommended the petition be

dismissed without prejudice to Petitioner filing a civil action.  (*See id.* at 2-3.)

        Petitioner objected to the Findings and Recommendations.  (Doc. 4.)  He concedes he is

bringing claims concerning the conditions of confinement, and he acknowledges that the proper

avenue for relief for his complaints is a civil rights complaint.  Nevertheless, he takes issue with

the filing fee for said complaint.  (*See id.* at 6-7.)  He asserts that he cannot afford to pay the filing

fee. (*Id.*

1

Petitioner is advised that in general, a party instituting a civil action is required to pay a filing fee of $350.  28 U.S.C. § 1914.   However, a party who cannot afford to pay the filing fee in full at one time may apply for *in forma pauperis* status under 28 U.S.C. § 1915.  This section provides in relevant part:

> (b)(1) . . . if a prisoner brings a civil action or files an appeal in forma paperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>    (2) After the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915 (b)(1),(2).  *In forma pauperis* status does not waive the filing fee for incarcerated/detained plaintiffs; rather it allows such persons to make payments on the filing fee until it is paid in full.  Should Petitioner file a civil rights complaint and be granted *in forma pauperis* status, Petitioner would be required to make monthly payments on the filing fee through withdrawals from his inmate trust account.  Such withdrawals would continue until the filing fee is paid in full, regardless of whether the action is open or dismissed and closed.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file— including Petitioner's objections— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The Magistrate Judge correctly found that the claims cannot proceed in a habeas corpus action, and the petition must be dismissed.

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a)      In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b)      There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. In addition, the Court **ORDERS**:

1.      The Findings and Recommendations issued on October 3, 2022 (Doc.  3), are **ADOPTED** in full.

2.      The petition for writ of habeas corpus is summarily **DISMISSED** without

prejudice to filing a civil action.

3.    The Clerk of Court is directed to serve Petitioner with blank forms for filing a civil rights action.

4.    The Clerk of Court is directed to enter judgment and close the case.

5.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    **October 7, 2022**

UNITED STATES DISTRICT JUDGE

4